518 F.2d 718
 11 P.U.R.4th 89
 PACIFIC LIGHTING SERVICE COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent.
PACIFIC LIGHTING SERVICE COMPANY and Southern California Gas
Company, Petitioners,
v.
FEDERAL POWER COMMISSION, Respondent.
SOUTHERN CALIFORNIA EDISON COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent.
The PEOPLE OF the STATE OF CALIFORNIA and the Public
Utilities Commission of the State of California, Petitioners,
v.
FEDERAL POWER COMMISSION, Respondent.
 Nos. 73-2538, 73-2922, 73-2630, 73-2665.
 United States Court of Appeals,
Ninth Circuit.
 April 25, 1975.
Rehearings Denied June 9, 1975.
 
 John Ormasa, Los Angeles, Cal., for petitioners.
 Kenneth F. Plumb, Secretary,
 George W. McHenry Jr., Sol., Federal Power Commission, Washington D.C., John R. Staffier, U. S. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., for respondent.
 Sherman Chickering, Chickering & Gregory, San Francisco, Cal., for Intervenor San Diego Gas & Electric Co.
 Donald T. Quinn, Transwestern Pipeline Co., James W. McCartney, Vinson, Elkins, Searls, Connally & Smith, Houston, Tex., for Transwestern Pipeline Co.
 Alfred O. Holl, Gen. Counsel, Cities Service Gas Co., Daniel R. Hopkins, Atty. Gen., Bobby E. Potts, Atty., Oklahoma City, Okl., Harry S. Littman, Littman, Richter, Wright & Talisman, Washington, D. C., for Cities Service Gas Co.
 John P. Mathis, J. Calvin Simpson, Lawrence Q. Garcia, San Francisco, Cal., for the People of the State of Calif. & the Public Utilities Commission of the State of California.
 Gordon Pearce, San Diego, Cal., for San Diego Gas & Electric Co.
 Rollin E. Woodbury, Vice President & Gen. Counsel, Rosemead, Cal., for Southern California Edison Co.
 Before CHAMBERS, CHOY and GOODWIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioners, consumers of natural gas, seek review of the Federal Power Commission's order in Transwestern Pipeline Company (FPC No. RP 73-101) approving Transwestern's proposed tariffs which set forth nine curtailment priorities to provide for reduction of delivery to natural gas users during times of resource shortage.
 
 
 2
 The petitioners challenge the Commission's procedure. First, the petitioners assert that Commission Order No. 467, establishing guidelines for curtailment schemes, is invalid because not promulgated in accordance with Administrative Procedure Act (5 U.S.C. § 551 et seq.) rule-making procedures. If petitioners could strike down Order No. 467, they would feel more secure in attacking Transwestern's curtailment priorities, because the challenged tariffs track Order No. 467 almost haec verba. Order No. 467 is, however, a statement of Commission policy, and not a "rule". It is therefore exempt from the APA's notice and hearing requirements. See 5 U.S.C. § 553(b)(3)(A).
 
 
 3
 The petitioners further insist that they were entitled to a preapproval hearing under Section 4 of the Natural Gas Act, 15 U.S.C. § 717c(e),[1] in which the pipeline company would have the burden of proving that its proposed curtailment schedules were just and reasonable. The Commission contends that hearings pursuant to Section 5 of the Natural Gas Act, 15 U.S.C. § 717d,[2] to be held after the tariffs are provisionally approved, satisfy the requirements of relevant statutory and case law, although in such hearings the burden of proof falls upon those objecting to the filed tariffs (the petitioners).
 
 
 4
 The Supreme Court has not, on the merits, held that the Commission must hold curtailment-plan hearings under either § 4 or § 5 of the Natural Gas Act. However, in
 
 
 5
 In this case the Commission apparently believed that the Court's expressed preference for § 4 hearings did not foreclose
 
 
 6
 However, we assume that the Commission has noted that in Louisiana Power the Supreme Court stated: "(t)he
 
 
 7
 We express no opinion upon the merits of issues that may be developed in future hearings before the Commission at the request of these petitioners. Counsel for the Commission has represented to this court that hearings will be available to petitioners, and we will assume until the contrary appears that these hearings will meet the fairness standards of Louisiana Power.
 
 
 8
 We note further that the Commission agrees that it is required, and plans, to comply with the National Environmental Policy Act of 1969, §§ 102, 105, 42 U.S.C. §§ 4332, 4335. See State of Louisiana v.
 
 
 9
 Accordingly, these consolidated petitions are dismissed.
 
 
 
 [1]
 15 U.S.C. § 717c(e):
 "Whenever any such new schedule is filed the Commission shall have authority * * * to enter upon a hearing concerning the lawfulness of such rate, charge, classification, or service * * *. At any hearing involving a rate or charge sought to be increased, the burden of proof to show that the increased rate or charge is just and reasonable shall be upon the natural-gas company * * *."
 
 
 [2]
 15 U.S.C. § 717d(a):
 "Whenever the Commission, after a hearing had upon its own motion or upon complaint of any * * * gas distributing company, shall find that any * * * classification demanded * * * by any natural-gas company in connection with any transportation or sale of natural gas, subject to the jurisdiction of the Commission, or that any * * * contract affecting such rate, charge, or classification is unjust, unreasonable, unduly discriminatory, or preferential, the Commission shall determine the just and reasonable * * * classification * * * or contract to be thereafter observed and in force, and shall fix the same by order * * *."
 C v. Louisiana Power & Light Co., 406 U.S. 621, 92 S.Ct. 1827, 32 L.Ed.2d 369 (1972), the Court expressed a preference for § 4 hearings. 406 U.S. at 643-644, 92 S.Ct. 1827.
 C discretion to hold § 5 hearings. We construe § 4's "shall have authority" language to make the holding of hearings under that section discretionary rather than mandatory. We cannot say that the Commission abused its discretion in ordering § 5 hearings on the facts before it in these cases.
 C must afford interested parties a full hearing on the reasonableness of the tariff * * *. " 406 U.S. at 643, 92 S.Ct. at 1840. These observations apply equally to § 4 and § 5 hearings. The Commission's choice of § 5 as the hearing format for evaluation of objections to Transwestern's curtailment plan does shift the burden of proof, but does not necessarily deprive the petitioners of a full and fair opportunity to present facts bearing upon the reasonableness of the curtailment priorities.
 C, 503 F.2d 844 (5th Cir. 1974).